JOHN B. SHOOK, ESQ.
Nevada Bar No. 5499
SHOOK & STONE, CHTD.
710 South 4th Street
Las Vegas, NV  89101
Office: (702) 385-2220
Attorney for Plaintiffs

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| PAUL DESHLER and LUPE DESHLER, | Case No. : 2:15-cv-00507-GMN-GWF |
| Plaintiffs, | |
| vs. | **STIPULATION TO EXTEND DISCOVERY DEADLINES** |
| VAL HARRIS; ANNETTE HARRIS and DOUGLAS HARRIS ; DOES I through X, inclusive; and ROE BUSINESS ENTITIES I through X, inclusive | **(First Request)** |
| Defendants. | |

WHEREAS, the parties participated in the FRCP Rule 26(f) conference on April 21, 2015 and thereafter exchanged their respective disclosure statements in a timely manner;

WHEREAS, discovery has been smoothly conducted by the parties without this court's intervention;

WHEREAS, the parties have met and conferred concerning the modifications to the Scheduling Order in light of the progress of discovery to date; and

WHEREAS, the parties have agreed they would each benefit from an additional five (5) months to conclude discovery;

IT IS HEREBY STIPULATED AND AGREED by and between JOHN B. SHOOK, ESQ. of SHOOK & STONE, CHTD., Attorney for Plaintiffs PAUL DESHLER and LUPE DESHLER, and RENEE M. MAXFIELD, ESQ., of the law firm MCCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH, LLP, Attorneys for Defendants VAL HARRIS, ANETTE HARRIS and

{01161104.DOC; 3}

DOUGLAS HARRIS that the discovery deadlines of this matter be continued for a period of five (5) months to allow the parties to complete discovery on this matter, in order to be ready for trial.

**A.   STATEMENT SPECIFYING THE DISCOVERY THAT HAS BEEN COMPLETED.**

1. The parties participated in the Fed. R. Civ. P. 26(f) conference on April 21, 2015;

2. Plaintiff served written discovery including interrogatories, requests for admissions, and requests for production of documents to Defendants on May 20, 2015.

3. Plaintiff conducted a site inspection on June 1, 2015.

4. Defendants served written discovery including interrogatories, requests for admissions, and requests for production of documents to Plaintiffs on June 8, 2015.

**B.   SPECIFIC DESCRIPTION OF THE DISCOVERY THAT REMAINS TO BE COMPLETED.**

As set forth above, the parties agree that an extension in the discovery deadlines is necessary to ensure this case is prepared for trial. The Plaintiffs will need additional time to depose the Defendants Val Harris, Annette Harris and Douglas Harris before experts are retained. The depositions of Val Harris and Annette Harris will require travel to Utah as they currently reside in Utah.  Plaintiffs anticipate after the depositions of Defendants it will be necessary to depose additional lay witnesses such as the corporate representative of the pool company responsible for draining the pool on Defendant's premises.

Defendants will need to take the depositions of Plaintiffs Paul and Lupe Deshler and Plaintiff's son, David Deshler. Plaintiffs Paul and Lupe Deshler currently reside in California and will also need to arrange for travel to Las Vegas for their depositions. Moreover, Plaintiff's son is currently a teacher in the Middle East. He will be back in the States at the beginning of July for two months. He will return to the Middle East at the end of August. Defendants will need to take David Deshler's deposition during the month of August.  Defendants will also need to conduct the depositions of Plaintiff's treating physicians. Plaintiff, Paul Deshler, continues to treat with his medical physicians to monitor his seizure medications.

1    Plaintiff has voluminous medical records and the parties need to recover those medical
2 records to have the evidence reviewed by experts in order to disclose their expert opinions.
3    After final expert opinions are exchanged, the parties will need time to take depositions of
4 experts.

**C.  REASONS WHY THE DISCOVERY REMAINING WAS NOT COMPLETED WITHIN THE DEADLINES CONTAINED IN THE AMENDED DISCOVERY SCHEDULING ORDER**

7    Liability is complex and will require more case law research and discovery than more
8 typical negligence claims.  The parties are in agreement that additional time is needed in order to
9 conduct depositions and other discovery in this matter. This case involves unique and complicated
10 liability issues and will require more than a typical case to obtain expert reports and testimony.

11    Additionally, Plaintiff's counsel will be out of the country for the month of July and will be
12 unable to conduct depositions necessary to determine what experts need to be retained and to
13 conduct depositions before the current discovery cut off of September 16, 2015.

14    Until the above-mentioned evidence is recovered and reviewed by experts, the parties will
15 not be able to conclude discovery and be prepared for trial.  As such, the parties believe that a five
16 month extension of the discovery cut off date will be sufficient to allow the parties to complete
17 discovery.

**D.    PROPOSED SCHEDULE FOR COMPLETING ALL REMAINING DISCOVERY.**

19    It is requested that all remaining discovery deadlines in this case be continued as follows:

20    1.    **Discovery Cut-Off Date:**  Defendant filed a Notice of Removal on March 20, 2015.
21 The proposed cut-off date for discovery be continued until **February 16, 2016** – which is 333 days
22 from the date of the filing of Defendant's Notice of Removal.

23    2.    **Amending the Pleadings and Adding Parties:**  All motions to amend the pleadings
24 or to add parties were to be done no later than **June 18, 2015** and the parties are *not* requesting an
25 extension of this deadline.

26    3.    **Fed.R.Civ.P. 26(a)(2) Disclosures (Experts):**  The parties are requesting an
27 extension of this deadline to disclose experts by **December 18, 2015-** 60 days before the proposed

1  discovery cut-off . Disclosure of rebuttal experts shall be made by **January 18, 2016**- 30 days after
2  the initial disclosure of experts.

3      4.    **Interim Status Report:** The parties will file a joint interim status pursuant to LR
4  26-3 on or before **December 18, 2015**.

5      5.    **Dispositive Motions:** The date for filing dispositive motions shall extended for
6  thirty days until **March 17, 2016**, 30 days after the proposed amended discovery cut-off date. In
7  the event that the discovery period is again extended from the discovery cut-off date set forth in this
8  proposed Discovery Plan and Scheduling Order, the date for filing dispositive motions shall be
9  extended to be not later than 30 days from the subsequent discovery cut-off date.

10      6.    **Pretrial Order:** The date for filing the joint pretrial order shall not be later than
11  **April 18, 2016**, 30 days after the cut-off date for filing dispositive motions. In the event that
12  dispositive motions are filed, the date for filing the joint pretrial order shall be suspended until 30
13  days after decision on the dispositive motions or until further order of the court. In the further event
14  that the discovery period is extended from the discovery cut-off date set forth in this Discovery Plan
15  and Scheduling Order, the date for filing the joint pretrial order shall be extended in accordance
16  with the time periods set forth in this paragraph.

17      7.    **Fed.R.Civ.P. 26(a)(3) Disclosures:** The disclosures required by Fed.R.Civ.P.
18  26(a)(3), and any objections thereto, shall be included in the joint pretrial order.

19  / / /
20  / / /
21  / / /
22  / / /
23  / / /
24  / / /
25  / / /
26  / / /
27  / / /
28  / / /

1   8.   **Extensions or Modifications of the Discovery Plan and Scheduling Order:**  Any stipulation or motion must be made no later than 21 days before the subject deadline.  Requests to extend discovery deadlines must comply fully with LR 26-4.

Respectfully submitted this 24th day of June, 2015.

| SHOOK & STONE, CHTD. | MCORMICHK, BARSTOW, SHEPPARD WAYTE, & CARRUTH, LLP |
|---|---|
| */s/ John Shook, Esq.* | */s/ Renee Maxfield, Esq.* |
| JOHN B. SHOOK, ESQ.<br>Nevada Bar No. 5499<br>710 South Fourth Street<br>Las Vegas, NV  89101<br>(702) 570-0000<br>Attorneys for Plaintiff | RENEE MAXFIELD, ESQ.<br>Nevada Bar No. 12814<br>8337 West Sunset Road, #350<br>Las Vegas, Nevada  89113<br>(702) 949-1100<br>Attorneys for Defendant |

IT IS SO ORDERED:

_____
UNITED STATES MAGISTRATE JUDGE

DATED: June 25, 2015